**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward Blunt WILSON,**
**Defendant-Appellant.**

No. 77–2959.

United States Court of Appeals,
Ninth Circuit.

March 2, 1978.

Thomas W. Hillier, II, Seattle, Wash., for defendant-appellant.

Jack Meyerson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

Appellant Edward Blunt Wilson was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Prior to and during the trial to the court, evidence was received on a motion to suppress certain incriminating statements given by Wilson while he was in custody. Thereafter the motion was denied. Appellant now challenges this refusal to suppress the statements. We find no error in the admission of the statements and therefore affirm.

## I.

### FACTS.

After appellant's arrest on a Washington state forgery charge, he was advised of his *Miranda* rights and was again advised after his arrival at the police station. At the station, questioning about the forgery began. The drift of the questioning changed when appellant was shown a photograph of a bank robbery suspect, at which point he became somewhat agitated. After further questioning and attempts to calm the appellant, an F.B.I. agent who had been investigating the bank robbery was called in. After the agent again read appellant his rights, appellant asserted his right to remain silent and his right to counsel. Interrogation promptly ceased and Wilson was booked and jailed on the state forgery charge.

Less than one hour later, following the identification of the person in the robbery photograph as the appellant, the police concluded that they had sufficient evidence to charge appellant under state law with the robbery. The charge was added to the police blotter. Standard procedure of Washington police calls for one of the arresting officers to notify a defendant of new charges brought against him. The officer who went to inform Wilson testified that he did not intend to initiate further questioning or to confront Wilson with the new evidence. Upon being informed of the new charge, however, Wilson stated that he wanted to talk to someone. The officer asked "Do you want to talk to me?" After the appellant said he did, he was taken to an interrogation room where he was again informed of his rights. There followed a number of incriminating statements which connected appellant with the robbery. Appellant then made a sworn statement, be-

fore which he was again informed of his *Miranda* rights. In due course the trial on the federal charge of bank robbery describ-·ed above occurred.

## II.

## ANALYSIS.

 The issue raised on appeal is whether, having once asserted his rights to remain silent and receive the assistance of counsel, Wilson may be found to have waived those rights. If so, the incriminating statements he made were properly admitted and Wilson's conviction must be affirmed. If not the conviction must be overturned.

The facts of this case are controlled by our recent en banc decision in *United States v. Rodriquez-Gastelum,* 569 F.2d 482 (9th Cir., 1978). In *Rodriquez-Gastelum* this Circuit rejected a *per se* rule prohibiting a suspect in a criminal investigation from waiving his right to counsel after having initially expressed his desire to have the assistance of counsel. We held that the statement "That's fine." constituted a waiver when made in the following context:

> I then asked him if he wanted to talk about what he had, and he said, "Okay, okay, but with an attorney." And I said, "Do you want to talk to me now without any attorney?" And to that he said, "That's fine."

We reasoned that "It makes little sense to say that, once having requested counsel, a prisoner may never, until he has actually talked with counsel, change his mind and decide to speak with the police without an attorney being present." 569 F.2d at 486.. While the police may not "badger the suspect or bring pressure intended to induce a change of mind", *id.* at 488, they are not precluded from "informing the defendant of circumstances which might contribute to an intelligent exercise of his judgment." *Id.* (footnote omitted).

 In contrast to the situations in either *Rodriquez-Gastelum* or *United States v. Flores-Calvillo,* 571 F.2d 512 (9th Cir., 1978), the facts in this case reveal no contin-

ued questioning of any sort after appellant had asserted his rights. Appellant was entitled to be informed of the additional charge brought against him and there is no ·claim that police procedure on this point was improper or was in any way designed to badger or coerce him. Appellant on his own initiative expressed his desire to speak. *Rodriquez-Gastelum* applies *a fortiori.* The trial judge was right in concluding that appellant's actions constituted a free and intelligent waiver of the rights he had previously asserted.

AFFIRMED.

HUFSTEDLER, Circuit Judge, concurring specially:

I adhere to the views that I expressed dissenting in *United States v. Rodriquez-Gastelum, supra.* I concur under the compulsion of the majority opinion in that case.